## CLAYPOOL *v.* KECK.

From the Warren Circuit Court.

*J. McCabe*, for appellant.

*L. T. Miller*, for appellee.

DOWNEY, J.—The appellee sued the appellant, his complaint containing two paragraphs. The defendant answered in four paragraphs, the first of which was a general denial. The plaintiff replied in denial of the second, third and fourth paragraphs. The issues were tried by a jury, and there was a verdict for the plaintiff. The defendant moved the court for a new trial, which was refused, and final judgment was rendered for the plaintiff.

The following errors are assigned by the appellant:

1. The court erred in not sustaining the appellee's demurrer to the appellant's answer as a demurrer to the first and second paragraphs of said complaint severally.

2. The first and second paragraphs of said complaint do not either of them, severally, state facts sufficient to constitute a cause of action against the appellant.

3. In overruling the appellant's motion for a new trial.

The first paragraph of the complaint is for money paid by the plaintiff for the defendant, at his special instance and request, in the purchase and sale for the defendant of corn, on commission, a bill of particulars of which is filed; and it is alleged that the amount is due and remains unpaid.

The second paragraph of the complaint alleges that the plaintiff was a commission merchant in Toledo, Ohio, and, at the request of the defendant, purchased corn for him, advanced money, at the request of the defendant, to pay for the same; that he sold the corn and failed to realize enough to reimburse himself and pay commissions, storage, insurance, etc. This paragraph is to recover the balance due from the defendant to the plaintiff. A bill of particulars is filed with this paragraph also. The second and third paragraphs of the answer were counter-claims, and the fourth was a set-off.

The first and second assignments of error are not insisted upon by the counsel for the appellant. We are not called upon to decide any question concerning the sufficiency of the pleadings.

The only matter urged is as to the sufficiency of the evidence to justify the verdict of the jury.

The evidence is all on the part of the plaintiff, except answers to interrogatories propounded by the defendant to the plaintiff, which were given in evidence by the defendant. The evidence on behalf of the plaintiff, except the mere evidence of a demand for the payment of the money, consists of the testimony of the plaintiff and the letters which passed between the parties relating to the transaction in its various stages.

We have considered the evidence, with reference to the defects insisted on by counsel for the appellant, and think we should not disturb the judgment. The evidence, especially the correspondence, is so voluminous that we cannot state it at length, and no useful purpose would be subserved by so doing.

The judgment is affirmed, with costs.